# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-186

**STATE OF LOUISIANA**

**VERSUS**

**JOHN JOSEPH**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03K4336A
HONORABLE JAMES T. GENOVESE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

**CONVICTION FOR ONE COUNT OF ARMED ROBBERY REVERSED AND JUDGMENT OF ACQUITTAL ORDERED; SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant-Appellant:**
**John E. Joseph**

**Earl B. Taylor**
**District Attorney, 27th J.D.C.**
**Alisa Ardoin Gothreaux**
**Asst. District Atty. 27th JDC**
**P. O. Drawer 1968**
**Opelousas, LA 70571-1968**
**(337) 948-0551**
**Counsel for State-Appellee:**
**State of Louisiana**

**Pickett, Judge.**

## FACTS

The defendant, John Joseph, pled guilty to two counts of armed robbery and one count of aggravated burglary. The facts are taken from the guilty plea proceedings. The defendant, along with a co-defendant, kicked down the front door and entered the home of Irma Dartez. Once inside, the defendant took a gun from Ms. Dartez, while the co-defendant struck another occupant of the home with a bottle of bleach before taking money from her possession. At that point, the two left the scene.

On November 18, 2003, a bill of information was filed charging the defendant, John Joseph, with two counts of armed robbery, a violation of La.R.S. 14:64, and with one count of aggravated burglary, a violation of La.R.S. 14:60. The defendant pled guilty to the charges on May 5, 2004, and was subsequently sentenced to thirty years at hard labor for each of the robbery counts and to fifteen years at hard labor for the aggravated burglary charge, with the sentences to be served concurrently. Additionally, the sentencing court ordered the defendant to pay restitution as required by law.

## ASSIGNMENTS OF ERROR

The defendant is now before this court asserting the following assignments of error :

(1) The concurrent thirty year sentences imposed make no measurable contribution to acceptable goals of punishment and are grossly out of proportion to the severity of the crime for this young offender;

(2) The trial court failed to particularize the sentence to this offender;

1

(3) The sentences imposed are indeterminate, as there is no specification of the amount of restitution nor on which count or counts restitution is owed;

(4) The factual basis for the plea is insufficient to support convictions on two counts of armed robbery; and

(5) In the alternative, if the appeal of Defendant's sentence is held to be procedurally barred, the failure of trial counsel to file a motion to reconsider the sentence or to object to the excessiveness of the sentence constitutes ineffective assistance of counsel.

## **ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent that is also assigned as an error.

As claimed by the defendant in Assignment of Error number 3, he received indeterminate sentences. When the trial court imposed the sentences, it simply ordered "restitution as required by law." The Code of Criminal Procedure provides for the imposition of restitution either as a condition of probation (La.Code Crim.P. arts. 895 and 895.1) or as part of the principal sentence (La.Code Crim.P. art. 883.2). Since the trial court did not place the defendant on probation in the present case, we assume it was ordering restitution pursuant to La.Code Crim.P. art. 883.2. Article 883.2 provides:

> In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as a part of any sentence that the court shall impose.

This court has held that when a trial court fails to state the amount of restitution owed as a condition of probation, the sentence is illegal and the case must be remanded for resentencing. *State v. Dauzat*, 590 So.2d 768 (La.App. 3 Cir. 1991),

2

*writ denied*, 598 So.2d 355 (La.1992), *cf. State v. Randle,* 02-309, 02-310 (La.App. 3 Cir. 10/2/02), 827 So.2d 657. In *Randle*, this court found the trial court rendered an indeterminate sentence when it failed to set the amount of restitution. Although the record was not clear as to whether the trial court ordered restitution as a condition of probation or pursuant to La.Code Crim.P. art. 883.2, this court found Article 883.2 did not apply since the offense was committed prior to the article's effective date. Although we have not previously addressed the issue of a trial court failing to set the amount of restitution when it is imposed pursuant to La.Code Crim.P. art. 883.2, the same reasoning applies. The failure to state the amount of restitution renders a sentence indeterminate and thus illegal, necessitating that the sentence be vacated and the case remanded for resentencing.

Because the trial court did not specify on which count or counts the restitution was ordered, *all* sentences must be vacated and the case remanded. The trial court is instructed that if restitution is ordered it must specify on which count or counts the restitution is being imposed as well as the amount of restitution owed. *See State v. Williamson*, 04-1440 (La.App. 3 Cir. 3/2/05), 896 So.2d 302.

In Assignment of Error number 3, the defendant argues that when the case is remanded for resentencing, a hearing should be held, during which the parties should be given an opportunity to present evidence concerning the amount of restitution owed. The record does not indicate that a restitution hearing has been held. In *State v. Sandifer,* 359 So.2d 990 (La.1978), the supreme court remanded the case for a restitution hearing when one of the defendants contested the amount of restitution awarded. The Louisiana Supreme Court noted:

> The record is silent as to the trial judge's reasons for ordering restitution far in excess of the value of the merchandise. . . . [H]ence, in affirming

3

the sentence, we will vacate that condition of probation and *instruct the trial judge to conduct a hearing to afford the defendant an opportunity to demonstrate that the amount of restitution is excessive* and to fix the amount of restitution in the light of the showing made.

*Id*. at 992-93 (emphasis added).

In *State v. Spell*, 449 So.2d 524 (La.App. 1 Cir.), *appeal after remand*, 461 So.2d 654 (La.App. 1 Cir. 1984), the first circuit followed *Sandifer* by stating:

We cannot determine fairly whether $60,000 is a reasonable or excessive sum without knowing more facts about the victim's injury and his residual circumstances. These facts are necessary in order for us to determine the victim's loss and inconvenience. Necessarily relevant is defendant's ability to pay the sum ordered.

. . . .

*The trial court shall hold a hearing on the matter, allowing both sides to make arguments and present evidence showing the appropriate amount of restitution.* After considering and articulating all factors, the court shall determine the appropriate sum to compensate the victim for his loss and inconvenience.

*Id.* at 526 (emphasis added).

Although the above cases involved restitution ordered as a condition of probation, this distinction does not merit a different result for restitution ordered pursuant to La.Code Crim.P. art. 883.2. When restitution is ordered under either article, the record must be sufficient to review the restitution ordered. Accordingly, we grant the defendant's request for a restitution hearing by instructing the trial court to hold such hearing upon remand.

**DISCUSSION**

In his first two assignment of errors, the defendant asserts that the concurrent thirty year sentences make no measurable contribution to acceptable goals of punishment and are out of proportion to the severity of the crime, and also that the

4

trial court did not particularize the sentence to the offender. These assignments are moot in light of our order to vacate the sentences due to an error patent.

In his fourth assignment of error, the defendant asserts that the factual basis established at the guilty plea hearing was sufficient to support only one count of armed robbery, rather than two counts as charged. The defendant thus concludes that because the charge of armed robbery of Ms. Dartez was not sufficiently supported, the conviction for that charge should be reversed.

The argument made by the defendant is that the single item taken from Ms. Dartez was a handgun, and that subsequent to his taking of that weapon, no item of value was taken from her. The defendant then cites La.R.S. 14:64, the armed robbery statute, as support for his argument. He avers that an armed robbery occurs when there is the "taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." He then states that he did not commit armed robbery because the only thing of value he took from Ms. Dartez was the weapon itself, and that once he armed himself with that weapon, he did not take anything of value from the victim. Therefore, he alleges that he did not commit an act of armed robbery, and the conviction for that count should be reversed.

The trial court discussed the armed robbery charge at issue during the guilty plea hearing:

> MR. RICHARD: May I explain so that the court understands what happened. The two individuals go in the house, they kick in -- he kicks in the door, they go in. There are two women in two different rooms. Ms. Theresa Green is the lady with the money; right?

> MS. FRANK: Yes.

5

MR. RICHARD:  I can't remember the lady that's in the bedroom with the gun.

MS. FRANK:  Dartez, Irma Dartez.

MR. RICHARD:  Dartez. He takes the gun from Ms. Dartez. Rideau goes in the other room, whacks Ms. -- whatever her name is --

MS. FRANK:  -- Ms. Theresa Green.

MR. RICHARD:  Ms. Green on the head, takes $4,000 from her. They're all principals. So he doesn't understand that he took money from Theresa Green, even though he didn't -- because he thinks he didn't physically take it from her. He took the gun from Ms. Dartez, but as principals they're all involved in it.

MS. FRANK:  And he's in the house while the guy is doing all of this.

THE COURT:  What about the robbery of Irma Dartez?

MS. FRANK:  He took a gun from her.

THE COURT:  What is the basis of armed robbery of Irma Dartez?

MR. RICHARD:  Principals. They go in the house to rob. In fact, they went in the house to rob Ms. --

THE COURT:  -- Was he armed at the time he took the gun, which made it the armed robbery? That's the point the court is making.

MR. RICHARD:  When he arms himself, it becomes an armed robbery.

THE COURT:  What did he rob from Irma Dartez? He took the gun, and he's now an armed robber, but what did he take from Irma Dartez? He took the money from Theresa Green. I want a basis to substantiate the plea here.

MS. FRANK:  That's why I thought it was one.

MR. RICHARD:  The other guy took the bottle of bleach and knocked Ms. Green out. That makes it an armed robbery. It doesn't have to do with the gun. They go in the house and they arm themselves with various weapons and he's part and parcel of it. And he doesn't understand the legal concept here, but when Rideau takes the bottle of

bleach and whacks Ms. Green over the head and they go in there to steal, it becomes an armed robbery.

> THE COURT: What did they take from Ms. Dartez?
>
> MR. RICHARD: The gun.
>
> THE COURT: Was he armed at the time he took the gun?
>
> MR. RICHARD: No.
>
> THE COURT: Then how is it armed robbery of Ms. Dartez?
>
> MR. RICHARD: Because he armed himself in the course of taking it from her.
>
> THE COURT: So it's an armed robbery if you take a gun? At what time does it become a theft, at what time does it become an armed robbery?
>
> MR. RICHARD: Well --
>
> THE COURT: Okay.

The state argues that guilty pleas normally act as a waiver of all nonjurisdictional pre-plea defects that are not reserved, citing *State v. Fontenot*, 535 So.2d 433 (La.App. 3 Cir. 1988) and *State v. Crosby*, 338 So.2d 584 (La.1976). The state's reliance on these cases to support their argument is, however, misplaced. The Louisiana Supreme Court specifically noted as follows in *Crosby*, 338 So.2d at 588 (emphasis added):

> However, even an un qualified [sic] plea of guilty does not preclude review of what are regarded as 'jurisdictional' defects--those which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged. These include, for example: the lack of jurisdiction of the sentencing court, La.C.Cr.P. art. 362(1); **the conviction represents double jeopardy, La.C.Cr.P. art. 362(2), *State ex rel. Wikberg v. Henderson*, 292 So.2d 505 (La.1974); *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975)**; the prosecution, when instituted, had prescribed, La.C.Cr.P. art. 362(7), *see also State ex rel. Williams v. Henderson*, 289 So.2d 74 (La.1974); the state lacked constitutional or legal power to try the accused for the offense charged, *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40

7

L.Ed.2d 628 (1974); *State ex rel. Jackson v. Henderson*, 283 So.2d 210 (La.1973); the statute under which the prosecution is brought is unconstitutional, *State v. Bergeron*, 152 La. 38, 92 So. 726 (1922); the charge brought by the indictment does not constitute a crime, *State v. Watson*,41 La.Ann. 598, 7 So. 125 (1889); certain types of patent error preventing conviction for the offense, La.C.Cr.P. art. 920(2), see indicative listing at *State v. Guillot*, 200 La. 935, 9 So.2d 235, 239 (1942).

Louisiana Code of Criminal Procedure article 591 provides that "No person shall be twice put in jeopardy of life or liberty for the same offense. . . ." The Louisiana Supreme Court addressed this issue in *State v. Coody*, 448 So.2d 100 (La.1984) and, citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 (1932), noted the established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Coody*, 448 So.2d at 102 (*quoting Blockburger*, 284 So.2d at 304).

In *State v. Steele*, 387 So. 2d 1175, 1177 (La.1980), the court utilized the "same evidence" test, which was articulated as follows:

> If the evidence required to support a finding of guilt of one crime would also have supported conviction for the other, the two are the same under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for a conviction, not all the evidence introduced at trial.

In this matter before us, the defendant was charged and pled guilty to both the offenses of aggravated burglary of the home of Irma Dartez and the armed robbery of Irma Dartez.

Louisiana Revised Statute 14:60, in pertinent part, defines aggravated burglary as follows:

Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,

. . . .

(2) After entering arms himself with a dangerous weapon.

The facts, as stated at the time the guilty plea was entered, clearly support the plea of guilty to the charge of aggravated burglary. The facts reflect that the defendant, along with a co-defendant, kicked open the door to Mrs. Dartez's home and, upon entering, the defendant armed himself with a gun he took from Mrs. Dartez. As reflected by the exchange between the prosecutor and the court at the time of the plea, these are the same facts relied upon by the state to charge the defendant with the armed robbery of Mrs. Dartez.

Louisiana Revised Statute 14:64(A) defines armed robbery as follows:

Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

The state specifically stated that the "taking" upon which the charge of armed robbery was based was the gun taken from Mrs. Dartez. Charging the defendant with both aggravated burglary and armed robbery, based upon the same set of facts, clearly violates the "same evidence" test as set forth in *Crosby* and *Steele*. The armed robbery charge is, therefore, dismissed.

In his fifth assignment of error, the defendant asserts that the failure of his trial attorney to file a motion for reconsideration of sentence, or to object to the sentence as excessive, constituted ineffective assistance of counsel. This assignment is moot in light of our decision to vacate the sentences due to an error patent.

9

## CONCLUSION

The defendant's conviction for one count of armed robbery of Irma Dartez is reversed and set aside, and we order a judgment of acquittal entered on the record. His sentences for the convictions of the remaining count of armed robbery and aggravated burglary are vacated as indeterminate, and the case is remanded for resentencing. The trial court is instructed that if it orders restitution, it should specify the count or counts for which restitution is ordered as well as the amount of restitution imposed. The trial court is further instructed to hold a restitution hearing, at which both the prosecution and defense should be given an opportunity to present evidence concerning the amount of restitution owed.

**CONVICTION FOR ONE COUNT OF ARMED ROBBERY REVERSED AND JUDGMENT OF ACQUITTAL ORDERED; SENTENCES VACATED; REMANDED WITH INSTRUCTIONS.**