# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 07-1370

STATE OF LOUISIANA

VERSUS

ROBERT JACOBS

**********

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NO. 107,623
## HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

## GLENN B. GREMILLION
## JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**Saunders, J., agrees in part, dissents in part, and assigns written reasons.**

> **AFFIRMED IN PART; REVERSED IN PART;**
> **CONVICTION ENTERED; AND REMANDED**
> **FOR SENTENCING.**

**Michael Harson**
**District Attorney**
**Michele S. Billeaud**
**Assistant District Attorney**
**15th Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**Counsel for Plaintiff/Appellee:**
        **State of Louisiana**

Carey J. Ellis,  III
Louisiana Appellate Project
P. O. Box 719
Rayville, LA 71269-0719
(318) 728-2043
Counsel for Defendant/Appellant:
      Robert Jacobs

Robert Jacobs
South Louisiana Correctional Center
3843 Stagg Avenue
Basile, LA 70515
In Proper Person:
      Robert Jacobs

GREMILLION, Judge.

In this case, Defendant, Robert Jacobs, was found guilty of one count of forcible rape, in violation of La.R.S. 14:42.1, and one count of aggravated burglary, in violation of La.R.S. 14:60. Thereafter, he was sentenced to thirty years at hard labor for the forcible rape conviction and ten years at hard labor for the aggravated burglary conviction with the sentences to run concurrently. This appeal followed.

Appellate counsel filed an *Anders* brief in this matter. Upon completion of a thorough independent review of the record, as required by *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), we identified a non-frivolous issue and denied defense counsel's motion to withdraw and ordered both the State and Defendant to brief the issue of double jeopardy.

Defendant filed a pro se brief alleging that the evidence was insufficient to sustain a conviction and that his sentence was excessive.

For the following reasons, we hold that the convictions for aggravated burglary and forcible rape constitute double jeopardy. Therefore, we reverse the conviction for aggravated burglary, enter a conviction for simple burglary, and remand the matter for resentencing on the simple burglary conviction. We find that Defendant's pro se assignments lack merit, and we affirm the conviction of forcible rape.

**SUFFICIENCY OF EVIDENCE**

When multiple issues are raised on appeal and sufficiency of the evidence is one of the alleged errors, the reviewing court should first determine whether the evidence is sufficient, as a ruling that the evidence is insufficient would

1

necessitate an acquittal. *State v. Hearold*, 603 So.2d 731 (La.1992). In his first pro

se assignment of error, Defendant alleges insufficiency of evidence. Even though we

find that this assignment of error without merit under *Hearold*, we shall address it

first in our discussion.

In *State v. Touchet,* 04-1027, pp. 1-2 (La.App. 3 Cir. 3/9/05), 897 So.2d

900, 902, this court stated:

> With regard to sufficiency of the evidence, this court sets forth as
> follows in *State v. Lambert,* 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720
> So.2d 724, 726-27:
>
>> When the issue of sufficiency of evidence is raised
>> on appeal, the critical inquiry of the reviewing court is
>> whether, after viewing the evidence in the light most
>> favorable to the prosecution, any rational trier of fact could
>> have found the essential elements of the crime proven
>> beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.
>> 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State ex rel.
>> Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v.
>> Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393
>> So.2d 1212 (La.1981). It is the role of the fact finder to
>> weigh the respective credibility of the witnesses.
>> Therefore, the appellate court should not second-guess the
>> credibility determination of the trier of fact beyond the
>> sufficiency evaluations under the *Jackson* standard of
>> review. *See King,* 436 So.2d 559, citing *State v.
>> Richardson*, 425 So.2d 1228 (La.1983).
>
> In order for the State to obtain a conviction, it must prove the
> elements of the crime beyond a reasonable doubt. In order for this court
> to affirm a conviction, the record must reflect that the State has satisfied
> this burden of proving the elements of the crime beyond a reasonable
> doubt. *State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d
> 1367.

Defendant in this case was convicted of one count of forcible rape in

violation of La.R.S. 14:42.1(A), which states in part:

> Forcible rape is rape committed when the anal, oral, or vaginal sexual
> intercourse is deemed to be without the lawful consent of the victim

because it is committed under any one or more of the following circumstances:

> (1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

At trial, the State offered the victim's testimony that Defendant broke into her motel room, took the money from her purse, and engaged in non-consensual sex with her. He fondled her breast before having intercourse with her and she reasonably believed that resisting his advances would not have prevented the rape.

The second offense Defendant was convicted of was aggravated burglary in violation of La.R.S. 14:60, which states, in pertinent part:

> Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,

> (1) Is armed with a dangerous weapon; or

> (2) After entering arms himself with a dangerous weapon; or

> (3) Commits a battery upon any person while in such place, or in entering or leaving such place.

Based on the evidence presented, we find that sufficient evidence was presented to support the charge of forcible rape and aggravated battery. However, we find, as follows, that the evidence cannot be used to support both charges as that constitutes a violation of double jeopardy.

3

# DOUBLE JEOPARDY

In *State v. Cloud*, 06-877 (La.App. 3 Cir. 12/13/06), 946 So.2d 265, 269-70, *writ denied*, 07-0086 (La. 9/21/07), 964 So.2d 331, we summarized the analysis required in determining double jeopardy:

In *State v. Barton*, 02-163, pp. 17-18, (La.App. 5 Cir. 9/30/03), 857 So.2d 1189, 1201-02, *writ denied*, 03-3012 (La.2/20/04), 866 So.2d 817, the court summarized the two tests used by Louisiana courts use [sic] in examining violations of double jeopardy as follows:

The "distinct fact" test, commonly referred to as the *Blockburger* test, is taken from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) as follows:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Accord*, *State v. Knowles*, 392 So.2d 651, 654 (La.1980).

The second test is the "same evidence" test. In *State v. Steele*, 387 So.2d 1175, 1177 (La.1980), the Louisiana Supreme Court explained that test as follows:

If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. . . .

The "same evidence" test is broader than *Blockburger*, "the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *State v. Steele*, 387 So.2d at 1177. Although the Louisiana Supreme Court has accepted both the *Blockburger* test and the same evidence test, it has principally relied on

4

the "same evidence" test to evaluate double jeopardy claims. *State v. Miller*, 571 So.2d 603, 606 (La.1990).

In his supplemental brief, Defendant alleges his convictions for aggravated burglary and forcible rape violate the principles of double jeopardy as the evidence necessary to prove the aggravated burglary offense is the same evidence necessary to prove the forcible rape offense.

Our review of the record reveals that Defendant in this case was not armed with a dangerous weapon when he entered the victim's hotel room, nor did he arm himself with a dangerous weapon while within. Accordingly, the only possible theory available to sustain an aggravated burglary conviction is that he committed a battery while in the room. "Battery is the intentional use of force or violence upon the person of another. . . ." La.R.S. 14:33. Accordingly, we find that Defendant's rape of the victim constituted a battery as defined in La.R.S. 14:33.

In *State v. Joseph*, 05-186 (La.App. 3 Cir. 11/2/05), 916 So.2d 378, we vacated an armed robbery conviction on the basis that the defendant had also been convicted of aggravated burglary, where at trial, the same evidence would have been used to secure both convictions. The defendant in *Joseph* kicked down the front door and entered the home of the victim and took a gun from her. *Joseph*, 916 So.2d 378. It was determined at the guilty plea proceedings that the defendant took nothing else from her. *Id.* On appeal, the defendant argued that since at the time he broke into the victim's home and took the gun from her he was not armed, he could not be charged with armed robbery. The court in *Joseph* held:

> The state specifically stated that the "taking" upon which the charge of armed robbery was based was the gun taken from Mrs. Dartez. Charging the defendant with both aggravated burglary and armed

robbery, based upon the same set of facts, clearly violates the "same evidence" test as set forth in *[State v.] Crosby*[, 338 So.2d 584 (La.1976),] and *[State v.] Steele*[, 387 So.2d 1175 (La.1980)].

*Id*. at 384.

In a recent case, *State v. Williams*, 07-931, p. 3 (La. 2/26/08), __So.2d __, __, the supreme court discussed the issue of the State's recourse when it violated a defendant's constitutional right against double jeopardy and stated:

As opposed to quashing the prosecution altogether and setting aside defendant's guilty plea and sentence, the court of appeal should have, assuming the correctness of its premise, reduced defendant's conviction to the misdemeanor offense of flight from an officer under R.S. 14:108.1(A) and remanded the case to the trial court for resentencing.

In *Williams*, the defendant pled guilty to aggravated flight from an officer, in violation of La.R.S. 14:108.1(C), as well as several other traffic related offenses. *Id*. On appeal, the defendant claimed that charging him with aggravated flight from an officer in conjunction with the underlying traffic offenses constituted a double jeopardy violation; the appellate court reversed the defendant's conviction for aggravated flight from an officer. *Id.* The supreme court noted that the appellate court had properly determined that the same evidence of the underlying traffic offenses was the bases for bringing the aggravated flight from an officer offense, and thus, a double jeopardy violation occurred. *Id.* However, as noted above, when reversing the ruling of the appellate court, the supreme court stated that it was unnecessary to vacate the prosecution altogether if there was evidence presented at trial to find the defendant guilty of a lesser included offense that was not barred by double jeopardy. *Id.*

6

In our review of the record, we find that sufficient evidence was presented at trial to find Defendant guilty of simple burglary. La.R.S. 14:62(A) defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein as set forth in R.S. 14:60." The record indicates that Defendant broke into the victim's hotel room and stole between $180.00 and $200.00 from her purse. Those facts establish the basis for a simple burglary conviction. Accordingly, we agree with Defendant's allegation that his prosecution for both forcible rape and aggravated burglary constituted a double jeopardy violation and the conviction for the aggravated burglary is reversed. *Joseph*, 916 So.2d 378. However, in accordance with *Williams*, we shall enter a verdict of guilty of the lesser included offense, simple burglary. *Williams,* __So.2d __. *See also* La.Code Crim.P. art 814(A)(42).

## EXCESSIVE SENTENCE

In his second pro se assignment of error, Defendant alleges that his sentences are excessive. Since we have reversed Defendant's conviction for aggravated burglary conviction based on double jeopardy, we will not address his excessive sentence claim as to that conviction. As the Defendant's only allegation is that his sentences are excessive, we will evaluate this claim as a bare claim of excessiveness.

We have set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

7

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have also held:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La. 5/30/03), 845 So.2d 1061.

In the instant case, Defendant was convicted of forcible rape, in violation of La.R.S. 40:42.1. The maximum sentence for said offense is forty years at hard labor. La.R.S. 40:42.1. For this conviction, the trial court sentenced the Defendant

to serve thirty years at hard labor. At sentencing, the trial court reviewed the Defendant's criminal history which included: a 1980 conviction in North Carolina for breaking and entering and larceny; a 1985 conviction for simple assault; a 1994 conviction in North Carolina for distribution of a Schedule II controlled dangerous substance; a 1994 conviction in North Carolina for possession with intent to distribute cocaine; a 1996 conviction for simple burglary; a 1991 conviction in North Carolina for DWI; a 2001 conviction for distribution of a Schedule I controlled dangerous substance; a 2001 conviction in North Carolina for DWI second; and a 2003 conviction for possession of drug paraphernalia. Also at sentencing, the trial court considered the aggravating circumstances of the offenses, and stated:

> First is the brutality of the crime for which he was convicted and the evidence at trial showed the following:
>
> > The victim, [L.S.], a visitor to Lafayette who was - - who had rented a room at the Roadway Inn, was awakened April 15, 1996 at about 3:30 a.m. She was awakened by a loud crashing sound and the presence of a black male standing above her in the room. She stated that the offender demanded money and her car keys or he would shoot her. [L.S.] gave him a hundred and seventy to two hundred dollars ($170.00 - $200.00) in cash from her purse. Mr. Jacobs then removed the bed sheet and proceeded to rape [L.S.][1]

Initially, we note that the sentence is not the maximum that Defendant could have received. Moreover, we find that the sentence imposed by the trial court is clearly supported by the record. *See State v. Carter*, 04-482 (La.App. 5 Cir. 10/26/04), 888 So.2d 928, where the trial court held that a thirty-seven-year enhanced

---

[1] We use of the initials of the victim in compliance with La.R.S. 46:1844(W).

habitual offender sentence for forcible rape was not excessive. Accordingly, Defendant's allegation that his sentence is excessive is without merit.

## CONCLUSION

We find that the convictions for aggravated burglary and forcible rape constitute double jeopardy. Therefore, the conviction for aggravated burglary is reversed. However, we enter a conviction for simple burglary and remand the matter for resentencing on the simple burglary conviction. We find no merit in Defendant's other assignments of error and affirm the conviction for forcible rape and the sentence of thirty years at hard labor without benefit of probation, parole, or suspension of sentence.

**AFFIRMED IN PART, REVERSED IN PART, CONVICTION ENTERED, AND REMANDED FOR SENTENCING.**

NUMBER 07-1370

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

ROBERT JACOBS

**Saunders, J., agrees in part, dissents in part, and assigns written reasons.**

I agree with the majority opinion that Defendant's sentence for forcible rape was not excessive. However, I disagree with the majority that Defendant's conviction for aggravated burglary should be reversed.

Aggravated burglary is defined in La.R.S. 14:60, which states, in pertinent part:

Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,

(1) Is armed with a dangerous weapon; or

(2) After entering arms himself with a dangerous weapon; or

(3) Commits a battery upon any person while in such place, or in entering or leaving such place.

The majority finds that under the "same evidence" test in *State v. Steele*, 387 So.2d 1175 (La.1980), Defendant's convictions for aggravated burglary and forcible rape violate the principles of double jeopardy as the evidence necessary to prove the aggravated burglary offense is the same evidence necessary to prove the forcible rape offense. I do not agree.

Our rape statute, La.R.S. 14:41, states that "any sexual penetration, when the rape involves vaginal or anal intercourse, however slight, is sufficient to complete the

crime." Louisiana Revised Statute 14:33 defines battery, in pertinent part, as "the intentional use of force or violence upon the person of another . . . ."

Defendant was convicted of forcible rape in violation of La.R.S. 14:42.1(A), which states in part:

> Forcible rape is rape committed when the anal, oral or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
> (1)     When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent rape.

Our supreme court, in *State v. Ordodi*, 06-207, pp. 14-15 (La. 11/29/06), 946 So.2d 654, 662, overturned this court's reversal of a conviction by stating, "[i]n reviewing the evidence of the defendant's actions . . . we cannot say that the jury's determination is irrational under the facts and circumstances presented to them." I read *Ordodi* to stand for the principle that we should uphold a conviction if we can find that the totality of the circumstances give the jury a rational basis to find a certain element of a crime, regardless of whether the court or jury can elucidate which specific action(s) made the finding rational.

In the present case, the victim testified that Defendant fondled her breasts after he had entered the dwelling she was inhabiting without authorization. Thus, the jury rationally could have found that Defendant, once he entered the hotel room, committed a garden variety battery upon the victim prior to committing the battery by penetration necessary to constitute forcible rape. Such a finding would necessitate upholding Defendant's conviction for aggravated burglary.

Fondling the victim's breasts would serve as the battery necessary after entering the inhabited dwelling in order for Defendant to be guilty of aggravated

burglary. However, it would not serve as the specific type of battery necessitated by forcible rape, i.e. "anal, oral or vaginal sexual intercourse" or even generic rape, "any sexual penetration." Had Defendant entered the room, fondled the victim's breasts, then left, he could not be convicted of forcible rape, but he could have been convicted of aggravated battery.

Here, two mutually exclusive sets of evidence exist in order to convict Defendant of both aggravated burglary and forcible rape.

In regards to aggravated burglary, Defendant:

- 1) entered an inhabited dwelling without authorization (the hotel room);

- 2) where a person is present (the victim);

- 3) with the intent to commit a felony or theft therein; and

- 4) committed a battery upon any person while in such place (fondled the victim's breasts).

In regards to forcible rape, per the victim's testimony, Defendant:

- 1) had anal, oral or vaginal sexual intercourse with her;

- 2) without her lawful consent;

- 3) when she was prevented from resisting the act by force or threats of physical violence where she reasonably believed that resisting his advances would not have prevented the rape.

I think that it is clear that these are two separate courses of conduct proven by mutually exclusive sets of evidence. Neither require the "same evidence" to prove every element of each crime. Therefore, I feel that Defendant's conviction for aggravated burglary should be affirmed.