# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-1233

**STATE OF LOUISIANA**

**VERSUS**

**J. S.**

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 5786-07
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE
**********

**SYLVIA R. COOKS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AFFIRMED**.

**Paula C. Marx**
**Louisiana Appellate Project**
**P.O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **J.S.**

**John F. DeRosier, District Attorney**
**Cynthia Killingsworth, Assistant District Attorney**
**Carla Sigler, Assistant District Attorney**
**Parish of Calcasieu**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
  **State of Louisiana**

**COOKS, Judge.**

Defendant appeals his conviction and sentence for committing the crime of forcible rape. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 19, 2004, the victim, A.T.[1], was sleeping in her bed after returning home from work. She awoke to find her hands and feet tied to the bedposts. Present in the room were Defendant, J.S., and another man, R.S. Defendant then proceeded to engage in sexual intercourse with A.T. against her will.

Defendant was indicted on one count of aggravated rape on February 22, 2007. Trial commenced and shortly after *voir dire*, pursuant to a plea agreement, Defendant pled guilty to forcible rape, a violation of La.R.S. 14:42.1. The trial court ordered a presentence investigation report. Defendant was sentenced on February 8, 2008, to thirty years imprisonment, with the first ten years without the benefit of probation, parole, or suspension of sentence. Defendant subsequently filed a "Motion to Reconsider Sentence," which was denied.

Defendant has lodged this appeal, wherein he asserts two assignments of error, one attorney-filed and one *pro-se*; the sentence of thirty years was excessive and the trial court failed to comply with the mandates of La.Code Crim.P. art. 894.1, and the evidence was not sufficient enough to have allowed the trial court to accept Defendant's plea of guilty pursuant to the mandate of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160 (1970).

For the following reasons, we affirm Defendant's conviction and sentence.

### *PRO-SE* ASSIGNMENT OF ERROR NUMBER 1

We will address Defendant's *pro-se* assignment of error first, because if there

---

[1] Initials will be used throughout this opinion to protect the identity of the victim in accordance with La.R.S. 46:1844(W).

is merit to this assignment, any issue regarding the sentence would be moot.

Defendant argues the guilty plea was not valid because the trial court failed to establish that there was "strong evidence of actual guilt." He asserts that he pled "guilty under *Alford* for his alleged acts of sexual miscount[sic] with his ex-girl[friend] despite protesting his innocence."

> The "best interest" or *Alford* plea, which derives from the United States Supreme Court case of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pled guilty while maintaining his innocence. In *Alford*, the Supreme Court ruled that a defendant may plead guilty, without forgoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." *Id.*, 400 U.S. at 31, 91 S.Ct. at 164; *State v. McCoil,* 2005-658 (La.App. 5th Cir.02/27/06), 924 So.2d 1120. In a case involving an *Alford* plea, the record must contain "strong evidence of actual guilt." *Id.*, 400 U.S. at 38, 91 S.Ct. at 167; *State v. McCoil, supra;*

*State v. Stevenson,* 45,371, pp.4-5 (La.App. 2 Cir. 6/23/10), 41 So.3d 1273, 1277.

Furthermore, when a defendant claims innocence and still makes an *Alford* plea, the trial court is put on notice that a substantial basis of guilt must be placed into the record. *State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, *writ denied*, 00-1175 (La. 3/16/01), 786 So.2d 745.

> [T]he standard under *Alford* is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s ]." *Id.* 400 U.S. at 31, 91 S.Ct. at 164.

*State v. Orman,* 97-2089, pp. 1-2 (La. 1/9/98), 704 So.2d 245, 245.

In pertinent part, forcible rape is defined as:

> A. Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:

(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believed that such resistance would not prevent the rape.

La.R.S. 14:42.1(A)(1).

In *State v. Schexnaider*, 03-144, p.10 (La.App. 3 Cir. 6/4/03), 852 So.2d 450, 457, this court set forth the elements the state must prove to support a conviction of forcible rape as follows:

[I]n order to convict the Defendant, the State had the burden of proving: (1) an act of vaginal or anal intercourse; (2) without the lawful consent of the victim; and (3) where the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

On the date trial commenced, Defendant advised the trial court that pursuant to *Alford,* he was going to plead guilty to the amended charged of forcible rape. The trial court then thoroughly *Boykinized* Defendant. The trial court then asked for a factual basis for the plea. The following conversation took place:

MS. KILLINGSWORTH (Assistant District Attorney):

Your Honor, if called to trial the State would prove that on or about April 19th, 2004, the defendant was involved in a relationship with [A.T.]. They were off and on.

I believe they were off at the time. There is some question with Mr.[S] as to that particular issue. And that's one of the things I'm sure he will take–or have a different thing to say about.

However, Ms. [T] is a nurse and was working 12-hour shifts, 7 on 7 off. She had finished her shift [and] was at home. She fell asleep, she sleeps very deeply.

When she woke up she was tied to the bedpost. Her hands and legs were tied to each of the four bedposts. He had someone else with him, his name is [R.S.].

And Mr. [S.] raped her against her will.

THE COURT:

Mr. [S.], you've heard what Ms. Killingsworth's description of

-3-

what she believes the State could have proved in this situation.

THE DEFENDANT:

Yes, Your Honor.

THE COURT:

Okay. Do you agree or disagree with those facts?

THE DEFENDANT:

I disagree.

Defendant then proceeded to give the trial court a detailed explanation how his girlfriend wanted to do a threesome, so one evening he met a man in a bar, R.S., whom he talked into going home with him to have sex with the victim. He gave a long and very descriptive narration of how she happily got right into having sex with both men. Eventually, he left the bedroom to make coffee and watched television until the victim and R.S. were finished.

At this point, the State offered a statement made to the police by R.S., corroborating the victim's allegation of being tied to the bedposts and being forced to submit to sex acts committed by Defendant. The State told the trial court R.S. was prepared to testify at trial. Defense counsel agreed that he had seen the statement and had discussed the statement with Defendant. The trial court said that since Defendant disagreed with the statement, it would need something more before it could accept Defendant's guilty plea. The trial court permitted defense counsel to speak with Defendant outside its purview, and following that discussion, the following took place:

MR. WHITE:

Thank you, Your Honor.

I'm going to let my client address the Court. This is–I was worried about allocution–I was worried, that's why I wanted to pursue an *Alford*

-4-

plea.

> He's going to continue to deny the rope and blindfold allegation, but there is something he would like to tell the Court.

> THE COURT:

> Okay. Well, I want to hear what he has to say.
> Mr. [S.]?

> THE DEFENDANT:

> I'll say that maybe at that point in time I didn't have consent for penetration. Your Honor.

The trial court was put on notice of Defendant's claim of innocence and thereafter ascertained that the record contained strong evidence of actual guilt. The record indicated Defendant tied the victim, spread eagle, to the bedposts while she was in a deep sleep. He blindfolded her and stuffed a sock into her mouth and proceeded to brutally rape her. These facts were supported by the statement of the eyewitness who was prepared to testify at trial. Defendant admitted there was no consent. The victim was prevented from resisting by force. She was tied up, blindfolded, and gaged–physical resistance in this case was futile. Therefore, all the elements of forcible rape were present in the record before the trial court.

Furthermore, the facts of the case could have supported a conviction for aggravated rape; thus, Defendant could have been sentenced to life imprisonment, instead of the thirty years he received when he pled guilty to forcible rape. In view of the strong factual basis, Defendant's plea of guilty to the lesser offense was knowingly and intelligently entered. The trial court did not commit error in accepting the plea.

_____ASSIGNMENT OF ERROR NUMBER 1

Defendant argues a thirty-year sentence for the offense of forcible rape is excessive considering that none of his prior convictions were of a sexual nature and

there was subsequent consensual sexual intercourse between him and the victim.

The statute which defines forcible rape provides for a range of imprisonment of not less than five nor more than forty years, with at least two years of the sentence imposed without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:42.1(B).

In *State v. Jacobs*, 07-1370, pp. 7-8 (La.App. 3 Cir. 6/5/08), 987 So.2d 286, 291-92, *writ denied,* 08-2000 (La. 4/3/09), 6 So.3d 769, wherein this court affirmed a defendant's thirty year sentence for the offense of forcible rape, this court noted the following standard to be used to review the excessiveness of the sentence:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La.2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, we have also held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While

> a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991).
>
> Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-0562 (La.5/30/03), 845 So.2d 1061.

At the sentencing hearing, held on February 8, 2008, the trial court gave the following reasons for imposing sentence:

THE COURT:

> I'm looking at a conviction from 7/16/90, convicted of inflicting corporal injury of spouse, six years prison sentence, suspended, probationary period.
>
> Then I'm looking at a plea to a theft in Baton Rouge on 2/1/01, sentenced to two years at hard labor. Then I'm looking at a plea of 3/22/02, unauthorized use of a motor vehicle which I would surmise is probably what he's on probation for now.
>
> . . . .
>
> All right. This Court, of course, has labored with this matter for some time. This Court remembers well when we took the plea in this matter and the labors that this Court went through to make sure that Mr. [S.] understood what was going on at that time.
>
> This matter was called for trial. We had, in fact, started picking a jury. The plea was made at this time and this Court still contends it was made knowingly and properly at that time.
>
> Of course, the record is going to reflect that earlier today we had a hearing regarding allowing Mr. [S.] to withdraw his plea and again, this Court stands by its position that it's not going to allow that.
>
> We're proceeding with the sentencing regarding this situation here. It's a very unfortunate situation.
>
> This Court had some concerns and I expressed those concerns regarding the reporting issue in this matter. I'm satisfied as to what has taken place there and it should not affect the situation regarding the

sentencing.

       Based on his record, based on what has taken place in this matter, based on what this Court has been presented with at this time, the law is regarding this matter that whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five years nor more than forty years.

       Based on the circumstances in this matter this Court is going to sentence [J.S.] to 30 years Department of Corrections. Ten years of that is without benefit of probation, parole, or suspension of sentence.

On February 29, 2008, defense counsel filed a timely "Motion to Reconsider Sentence," wherein he asserted Defendant was suffering from a mental disability which prevented him from communicating to the trial court his remorsefulness for the offense. Accordingly, defense counsel advised the trial court that Defendant desired to speak before any new sentence was imposed.

A hearing was held on the motion to reconsider the sentence. At that time, defense counsel informed the trial court that he had attempted to get medical records from the military which could contain some mitigating information, but to no avail. Defendant further advised the trial court that although the sentence disallowed the benefit of the possibility of parole for ten years, the Department of Corrections had informed him he would have to serve all the thirty years because of his prior criminal history. The trial court denied the motion to reconsider the sentence.

Now, in brief, Defendant argues that the sentence is constitutionally excessive in that, while he was a four-time felony offender and that his criminal history reflected prior domestic violence, there were no prior crimes of a similar nature as the current offense. Defendant argues he has a high school education and was honorably discharged from the military. He asserts he is deserving of a chance to reenter society before he is eighty years old. He further argues that even the victim recognized "positives" and attempted reconciliation after the charged offense.

Initially, Defendant did not raise the claim of constitutional excessiveness in his attorney-filed motion to reconsider the sentence. Louisiana Code of Criminal Procedure Article 881.1(E) provides:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

However, Defendant did file an untimely *pro-se* "Motion to Reconsider Sentence," on March 10, 2008, wherein he claimed the sentence was excessive without giving reasons why the sentence was excessive. We will conduct a bare bones review of the excessiveness of the sentence. *See State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied,* 01-838 (La. 2/1/02), 808 So.2d 331. *See also, State v. Malloy,* 01-1118 (La.App. 3 Cir. 2/6/02), 815 So.2d 940.

Defendant argues the trial court did not take into adequate consideration his personal history and did not sufficiently articulate which factors were taken into consideration to support such a lengthy sentence, as required by La.Code Crim.P. art. 894.1. In *State v. Lisotta,* 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied,* 99-433 (La. 6/25/99), 745 So.2d 1183, the fifth circuit set forth the standard for reviewing a trial court's sentencing discretion, as follows: a reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts.

In the current case, while the trial court did not articulate Defendant's personal history, the presentence investigation report gave a lengthy history. A summary of Defendant's personal history as reported by Defendant is, as follows: He was fifty-two at the time of the report. He had a difficult childhood. He reported watching his

father shoot his mother with a shotgun. She survived, but his father spent time in prison. After high school, he went into the Navy and was honorably discharged. He had been married twice, with a child by each spouse. He had maintained steady employment driving trucks and worked as an electronic technician for an aircraft corporation until he came to Louisiana.

However, while the current conviction was Defendant's fourth felony conviction, the presentence investigation report indicated that his arrest record, starting in 1980, was lengthy and included arrests for infliction of corporal injury on a spouse, willful child cruelty, theft, lewd or lascivious acts with a child under the age of fourteen, unauthorized use of a motor vehicle, illegal possession of stolen things, misdemeanor theft, and disturbing the peace. In selecting a proper sentence for a criminal defendant, a trial judge is not limited to considering only prior convictions and may review all evidence of prior criminal activity. *State v. Cooks*, 36,613 (La.App. 2 Cir. 12/04/02), 833 So.2d 1034. When evaluating a defendant's criminal history, trial courts may consider evidence at sentencing that would otherwise be inadmissible at trial. *State v. Myles,* 94-217 (La. 6/3/94), 638 So.2d 218. The trial court may consider records of prior arrests, hearsay evidence of suspected criminal activity, conviction records, and evidence of uncharged offenses or offenses that were *nolle prossed. State v. Emerson,* 31,408 (La.App. 2 Cir. 12/9/98), 722 So.2d 373, *writ denied*, 99-1518 (La. 10/15/99), 748 So.2d 470.

Furthermore, Defendant attached a statement to the presentence investigation report which gave a long and detailed description of all his and the victim's sexual activities, including the current incident, and concluded that the victim initiated the sexual act with relish, then falsely accused him of rape without an explanation of why she would do so. Defendant exhibited no remorse.

In *Jacobs,* 987 So.2d 286, this court affirmed a thirty-year sentence for an offense of forcible rape. That defendant broke into the victim's motel room, threatened to shoot her unless she gave him money and her car keys, then raped her. This court did not find thirty years excessive under the circumstances of the case. The defendant had a criminal history, mostly drug violations. This court noted that he could have received the maximum sentence and stated: "Moreover, we find that the sentence imposed by the trial court is clearly supported by the record. *See State v. Carter,* 04-482 (La.App. 5 Cir. 10/26/04), 888 So.2d 928, where the trial court held that a thirty-seven-year sentence for forcible rape was not excessive." *Id.* at 292.

We find the offense to which Defendant pled guilty did not adequately describe his conduct. As noted above, Defendant was originally charged with aggravated rape, an offense which provides for a punishment of life imprisonment. The difference between forcible rape and aggravated rape is the degree of violence used and the extent to which the victim resists. *See State v. Leyva-Martinez*, 07-1255 (La.App. 3 Cir. 4/30/08), 981 So.2d 276, *writ denied*, 08-1200 (La. 1/30/09), 999 So.2d 747, and *State v. Chandler*, 41,063 (La.App. 2 Cir. 9/8/06), 939 So.2d 574, *writ denied*, 06-2554 (La. 5/11/07), 955 So.2d 1277. In the current case, the victim who was bound to the bedposts, blindfolded, and gaged, stated that she was raped so violently that she soiled herself and hurt for days. Defendant received a significant benefit by pleading guilty to forcible rape. The severity of an imposed sentence may be assessed with consideration of whether the defendant is allowed to plead guilty to a lesser offense. *State v. Guzman,* 99-1528, 99-1753 (La. 5/16/00), 769 So.2d 1158. *See also State v. Howard*, 36,929 (La.App. 2 Cir. 4/9/03), 842 So.2d 1233, *writ denied,* 03-1571 (La. 12/12/03), 860 So.2d 1152.

Although we note the trial court did not extensively discuss the reasons for the

sentence, the record is sufficient for this court to determine that the sentence is not such that would shock this court's sense of justice considering the situation and the facts of the case. *See State v. Day,* 02-1039 (La.App. 3 Cir. 2/5/03), 838 So.2d 74.

## DECREE

For the foregoing reasons, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**