359 So.2d 990 (1978)
STATE of Louisiana
v.
Antoinette SANDIFER and Sandra Seaberry.
No. 61421.
Supreme Court of Louisiana.
June 19, 1978.
*991 Harold Douglas, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged defendant Antoinette Sandifer with one count of forgery and defendant Sandra Seaberry with three counts of forgery, violations of LSA-R.S. 14:72. The trial judge found both defendants guilty. He sentenced defendant Sandifer to one year suspended sentence and two years active probation with special conditions, and defendant Seaberry to three one-year suspended sentences, to run consecutively, and two years active probation with special conditions.
The defendants appeal. They rely on six assignments of error for reversal of their convictions and sentences.
We adduce the following context facts:
Defendant Seaberry was a salesperson for Kreeger's Department Store. She twice forged her aunt's name to credit sales purchases made without her aunt's permission. On another occasion, she transferred a credit sales slip on which defendant Sandifer forged a signature.

ASSIGNMENT OF ERROR NO. 1
The State questioned Ms. Moreno, Kreeger's security manager, about Jacqueline Seaberry, defendant Seaberry's aunt. As Ms. Moreno began to relate their conversations concerning defendant Seaberry's use of her account, defendants objected on the basis of hearsay. The State countered that the testimony was properly admissible as res gestae.
The court overruled the objection, and the defense now complains of the ruling.
Assuming, without deciding, that the court erred, the defendants were not prejudiced. Jacqueline Seaberry later testified as to the content of the conversations. The defense, therefore, had the opportunity to cross-examine as to the use of her account. LSA-C.Cr.P. Art. 921.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
To prove the date of defendant Sandifer's apprehension, the State showed Ms. Moreno S-6, an admission by defendant Sandifer of the theft of a pair of pants from Kreeger's. (The State did not charge her with this offense.)
During re-cross, the defense asked her about the theft described in S-6 and the forgery charge in the present case. She answered that she was an eye-witness to both crimes. Defense counsel then inquired about defendant Sandifer's forging someone's name in a credit purchase of a "poncho and other articles." The State objected on the ground of irrelevancy, and the court sustained the objection.
*992 The defense claims that this ruling impermissibly curtailed their right to cross-examine the witness on S-6.
The facts in the record fail to support this contention. The judge sustained the State's objection to an inquiry concerning a forgery offense for which the defendant was not charged, not to an inquiry concerning S-6, the theft of pants. The trial judge properly ruled that questions about another offense not charged are irrelevant.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendants complain of the admission of S-3, S-5, and S-6.[1]
When the State introduced S-3, S-5, and S-6, the defense stated, respectively, "(w)e object to that", "(y)es, [there is an objection]", and "(o)bjection to that". [Tr. p. 26.]
These objections provide no basis for review. In State v. Cass, La., 356 So.2d 936 (1977), we stated:
"Article 841 of the Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless defendant has made known to the court his objection and the grounds therefor. It is well settled that defendant must state the basis for his objection when he makes it so that the trial judge has an opportunity to rule on it and to prevent or to cure the error. An objection stating no basis presents nothing for this court to review. State v. Lewis, 353 So.2d 703 (La.1977); State v. Burnette, 337 So.2d 1096 (La.1976); State v. Sosa, 328 So.2d 889 (La.1976)." [Emphasis supplied.]
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
The defendants allege that the State's evidence was insufficient to sustain their convictions, more specifically, that the State failed to prove that the forged credit purchases were unauthorized by Jacqueline Seaberry.
The defense failed to properly raise this issue in the trial court: he neither moved for a judgment of acquittal alleging it, nor included it in his motion for a new trial. See LSA-C.Cr.P. Arts. 778 and 851. As it is raised for the first time on appeal, we may not properly treat it. See LSA-C.Cr.P. Art. 841. Moreover, an allegation based on the sufficiency of evidence presents nothing for our review since such an allegation raises only a question of fact. State v. Ashley, La., 354 So.2d 528 (1978); State v. Johnson, La., 352 So.2d 1285 (1977); State v. Cobbs, La., 350 So.2d 168 (1977).
In any event, there is some evidence of each essential element of the forgeries charged.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
The court placed defendant Seaberry on active probation for two years in lieu of a prison term. As one of the special conditions of probation, he ordered her to make restitution to Kreeger's for $1,528.67. She contends that the court erred in assessing such a large sum because restitution is calculated on the victim's actual loss, the retail value of the merchandise, which in this case is $415.52.
Article 895.1 of the Louisiana Code of Criminal Procedure, under which the sentence was imposed, does not limit restitution to the precise value of the property lost. The trial judge is authorized to fix restitution to the victim in an amount to compensate "for his loss and inconvenience."
The record is silent as to the trial judge's reasons for ordering restitution far in excess of the value of the merchandise. However, the conditions of probation are subject to modification at any time. LSA-C.Cr.P. Art. 896. Hence, in affirming the sentence, we will vacate that condition of probation *993 and instruct the trial judge to conduct a hearing to afford the defendant an opportunity to demonstrate that the amount of restitution is excessive and to fix the amount of restitution in the light of the showing made.
Subject to the remedial action indicated, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
The defendants challenge the denial of the motion in arrest of judgment and motion for a new trial. The ground of the motions was that Ms. Moreno perjured herself at trial.
The disputed testimony concerned Ms. Moreno's efforts in investigating the forgeries, i. e. contacting the person to whom the defendants charged the merchandise and asking if she had made the purchases. At the hearing on the motions, Ms. Moreno testified that she was confused at trial between the investigation of the two forgeries in the name of Mattie Jones committed by the defendants on October 30 (for which they are charged) and a forgery in the name of Mattie Smith on November 5. Ms. Moreno's confusion resulted in trial testimony to the effect that the October 30 forgery was on an actual account, whereas, it was on a false account.
That a witness became confused at trial and gave erroneous testimony is not a proper ground for a motion to arrest judgment. LSA-C.Cr.P. Art. 859.
However, a court must grant a new trial if
"[t]he defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment;. . . ." LSA-C.Cr.P. Art. 851(4).
Initially, we note that defense counsel has failed to allege and prove that notwithstanding an exercise of his reasonable diligence, the error in Ms. Moreno's testimony was not discovered prior to the verdict. See LSA-C.Cr.P. Art. 855.
The fact that the defendant committed forgery on a false charge account rather than on a real charge account, as testified at trial, would not warrant an acquittal. The writing need only purport to have legal efficacy. See LSA-R.S. 14:72. Thus, no injustice has resulted. See LSA-C.Cr.P. Art. 851.
This assignment of error is without merit.
For the reasons assigned, the convictions are affirmed. The sentences are also affirmed, but the condition of probation ordering restitution to the victim is vacated and the trial judge is instructed to conduct a hearing to determine the amount of restitution in accordance with the views herein expressed. The defendant is reserved the right for further review by application to this Court under our supervisory jurisdiction.
SUMMERS, Justice.
While I agree with this opinion in all other particulars, I cannot agree that a hearing should be held as the court declares in Assignment of Error No. 5 in the absence of a showing at sentence of an abuse of discretion by the trial judge and an objection to the sentence.
NOTES
[1] S-3 is Jacqueline Seaberry's affidavit of fraud, stating that she did not make the purchase or authorize anyone to do so. S-5 is the October 30 credit transaction which is the subject of counts one and four. S-6 is defendant Sandifer's admission of the theft of pants.