PER CURIAM.
Pursuant to a plea bargain, defendant Danny Sepulvado pleaded guilty to one count of simple criminal damage to property, a violation of LSA-R.S. 14:56. Following a presentence investigation, the trial court sentenced the defendant to eighteen months in the parish jail, suspended, with three years of supervised probation on the condition that the defendant serve six months in the parish jail and make restitution to the victim in the amount of $1,229.52 within a reasonable time thereafter. The defendant now assails that sentence as excessive in contravention of La. Const, art. I, § 20.
In a jealous rage over seeing his girlfriend leave her high school prom arm-in-arm with the victim, the eighteen-year old defendant attacked the victim with an ax handle. Missing the victim, the defendant then vented his anger against the victim’s car, breaking the windshield and headlights. The damages to the car were extensive.
In attacking the sentence as excessive, the defendant contends specifically that the sentence was inadequately reasoned under La.C.Cr.P. art. 894.1 in that the trial judge failed to adequately consider mitigating circumstances. Our review of the record shows the defendant’s contentions to be without merit. The sentence imposed is not unconstitutionally excessive. All relevant mitigating circumstances were set out in the presentence report, and our review of the sentencing colloquy shows that the trial judge carefully considered all relevant factors, both aggravating and mitigating, in particularizing the sentence to the defendant. cf. State v. Guiden, 399 So.2d 194 (La.1981); State v. Williams, 397 So.2d 1287 (La.1981); State v. Sandifer, 359 So.2d 990 (La.1978).
For the foregoing reasons, the sentence of the defendant is affirmed.
AFFIRMED.