965 So.2d 865 (2007)
STATE of Louisiana
v.
Janis WALDER.
No. 2007-K-0198.
Supreme Court of Louisiana.
October 5, 2007.
PER CURIAM.
Granted in part; denied in part. The order of the court of appeal remanding the case to the trial court for resentencing is amended to delete the requirement that the court reopen the restitution hearing for purposes of determining "the amount of expenses incurred from the date of the seizure of the animals in question to the date of the transfer of ownership of the animals to the parish" and restricting any order of restitution to that amount. State v. Walder, 06-1239 (La.App. 1st Cir.12/28/06), 952 So.2d 21 (Downing, J.)(Pettigrew, J., concurring in part, dissenting in part; Hughes, J., dissenting).
Although a majority of the judges on the court of appeal panel concurred in the order remanding the case to the district court for resentencing, only Judge Downing subscribed to the views expressed in his opinion as to the appropriate basis for calculating the amount of any restitution ordered under the provisions of La.R.S. *866 14:102.2(D). Judge Pettigrew viewed that discussion as advisory only and Judge Hughes dissented altogether without written reasons. Because a majority on the panel did not agree on the proper basis for calculating a restitution order in the present case, it did not render a judgment as to that question. See La. Const. art. V, § 8(B)("A majority of the judges sitting in a case must concur to render judgment."). Thus, while the district court may reconsider its order of restitution in light of the observations made by Judge Downing in his opinion, the court is not bound by those remarks and may order restitution in an amount it deems appropriate when resentencing defendant. However, defendant may appeal from her resentencing to the court of appeal and the state may seek supervisory review of any restitution order entered by the court in the event of an adverse determination.
KIMBALL and JOHNSON, JJ., would deny.