# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-542


STATE OF LOUISIANA

VERSUS

JOSEPH P. HEBERT


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 71523
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and
Marc T. Amy, Judges.

**AFFIRMED.**

**William E. Tilley**
**District Attorney**
**Post Office Box 1188**
**Leesville, LA   71446-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
	**State of Louisiana**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA   71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
	**Joseph P. Hebert**

AMY, Judge.

The defendant pled guilty to the offense of attempted cultivation of marijuana and was sentenced to eight years at hard labor and ordered to pay a $1,250.00 fine. The defendant appeals, arguing that his sentence is excessive. For the reasons that follow, we affirm.

**Factual and Procedural Background**

The defendant, Joseph P. Hebert, was charged by bill of information with cultivation of marijuana, "in that he was found growing approximately 139 plants in violation of La.R.S. 40:966 A (A Felony)[.]" He pled not guilty to the charge. Subsequently, he entered into a plea bargain, whereby he withdrew his not guilty plea and pled guilty to attempted cultivation of marijuana. At the plea hearing, the State offered the factual background of the offense and stated that: "subject to a search of the [d]efendant's property or where the [d]efendant was living numerous marijuana plants were found to be growing and cultivated on the property. Defendant acknowledged that he was involved in the cultivation of those plants." A pre-sentence investigation report was ordered.

The trial court sentenced Hebert to eight years at hard labor and ordered him to pay a $1,250.00 fine in addition to court costs. It also sentenced the defendant to five years at hard labor for an unrelated theft conviction, proceeding under a different docket number. The sentences were to run concurrently and were subject to diminution for good behavior. The defendant was to be given credit for time served. The trial court denied the defendant's motion to reconsider sentence.

The defendant appeals, asserting that his sentence for attempted cultivation of marijuana is cruel, unusual, and excessive and that the court "failed to fully consider

mitigating factors relevant to a lesser sentence." For the following reasons, we affirm the sentence.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

*Excessive Sentence*

The defendant argues that his sentence for attempted cultivation of marijuana is "cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974." He also contends that the trial court did not fully conduct the "required review for mitigating factors listed in La.[Code Crim.]P. art. 894.1."

At the sentencing hearing, the trial court stated:

> Now, on both of these cases, I have to see was economic harm caused to any victim? Well, when one uses or deals in illegal drugs there is always harm done to society in general, so, the answer to that question is yes . . .. The Court finds no grounds exist that tend to excuse or justify Mr. Hebert's conduct. He acted on his own free will and accord. He wasn't provoked by anyone to do what he did. He is twenty-nine years old, he is single but engaged . . .. Has two children, he is in good health. He has worked in the oil field industry and as a carpenter. He has a tenth grade education. He got his G.E.D. in 2000. He admits to a history of drug and alcohol abuse. He admits to using marijuana for seventeen years, cocaine for eight years. He denies any current drug use. He has received drug and alcohol treatment in the past at the Red River Treatment Center in March of 2000. He has a prior criminal record. January, 2001 he has a theft under five hundred dollar conviction in Nacogdoches, Texas, that's two counts, they were misdemeanors. In February of 2003 in the Thirtieth Judicial District Court he has an attempted possession of diazepam conviction where he received a two and a half year suspended sentence, probation for five years. That probation was revoked in June of 2003. He was paroled in July of 2004. He was revoked in November of 2004. He was paroled in August of 2005. He was revoked in August of 2006. Finally, he was paroled November of 2006 and apparently that ended satisfactorily at

2

that point. In May of 2005 he has a simple robbery conviction at the Ninth Judicial District Court. He received a two year hard labor sentence. He was paroled in August of 2005 on that charge. That was revoked in August of 2006.

. . . .

He is a third felony offender. As such Mr. Hebert is not entitled to probationary treatment. There is an undue risk that he would commit another offense while on probation. He is in need of correctional treatment in a custodial environment that would most effectively be had by a commitment to an institution. Any lesser sentence would deprecate the seriousness of his offenses.

Neither in his motion to reconsider sentence nor at the sentencing hearing did the defendant raise the trial court's failure to fully consider mitigating factors pursuant to La.Code Crim.P art. 894.1. Accordingly, this argument cannot be raised for the first time on appeal. *See* La.Code Crim.P. art. 881.1(E) and Uniform Rules–Courts of Appeal, Rule 1-3. However, we will review the defendant's sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-0156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-0029 (La. 10/14/02), 827 So.2d 420.

This court has articulated the following standard regarding the review of excessive sentence claims:

La. Const. art. I, §20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v.*

3

*Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.ED.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-0838 (La. 2/1/02), 808 So.2d 331.

Pursuant to La.R.S. 14:27 and La.R.S. 40:966, the minimum penalty for attempted cultivation of marijuana is imprisonment at hard labor for two and one-half years, while the maximum penalty is fifteen years and a fine of not more than twenty-five thousand dollars. Here, the defendant received an eight-year sentence and a fine of $1,250.00.

We find that the sentence is supported by the record. In addition to the nature of the offenses of the defendant's criminal history, we note that the defendant was initially charged with cultivation of marijuana, which would have subjected the defendant to a maximum of thirty years at hard labor. Due to his plea agreement, his sentence exposure was drastically decreased. Further, his sentences were ordered to be concurrent, rather than consecutive. Accordingly, we find that the trial court did not abuse its discretion in imposing sentence.

## DECREE

For the foregoing reasons, the defendant's sentence for attempted cultivation of marijuana is affirmed.

**AFFIRMED.**

4