21 So.3d 414 (2009)
STATE of Louisiana
v.
Rocky Lee DANOS.
No. 2008 KA 2085.
Court of Appeal of Louisiana, First Circuit.
July 22, 2009.
Joseph L. Waitz, Jr., District Attorney, Ellen Daigle Doskey, Assistant District Attorney, Houma, Louisiana, for Appellee, State of Louisiana.
John T. Bourgeois, Thibodaux, Louisiana, for Defendant/Appellant, Rocky Lee Danos.
Before KUHN, GUIDRY, and GAIDRY, JJ.
GAIDRY, J.
Defendant, Rocky Lee Danos, was charged by bill of information with driving while intoxicated (DWI), fourth offense, a violation of La. R.S. 14:98(E). Pursuant to a plea agreement, defendant entered a plea of guilty, but reserved his right to appeal the trial court's order of restitution to the victims. See State v. Crosby, 338 So.2d 584 (La.1976). In accordance with the plea agreement, the trial court sentenced defendant to serve twelve years at hard labor, sixty days of that being without benefit of probation, parole, or suspension of sentence. The trial court also imposed a fine of $5,000.00 and ordered defendant to pay restitution to the victims in the amount of $20,000.00. The trial court ordered defendant's sentence for DWI, fourth offense, to be served consecutively *415 to defendant's sentence for his conviction for DWI, third offense.[1]
Defendant appeals, citing the following as error:
1. Can the trial court order restitution when there is no evidence as to the amount of restitution in the proceedings?
2. Is the imposition of restitution on top of a large fine and long, hard labor sentence cruel and unusual punishment?
Because we find the first assignment of error requires a full evidentiary hearing on the amount of restitution, we vacate the trial court's order of restitution and pretermit discussion of defendant's remaining assignment of error. Defendant's conviction and sentence are otherwise affirmed.

FACTS
On August 18, 2006, defendant was involved in a vehicular accident on Louisiana Highway 56 in Chauvin. Defendant had moved into the oncoming lane of traffic while passing a vehicle in his lane and collided head-on with a vehicle driven by Allie Authement. A four-year old child, Joshua Miller, was a passenger in Authement's vehicle.
Defendant was partially ejected through the windshield of his vehicle. After being extricated from the wreckage, defendant was transported to Chaubert Medical Center. A blood sample collected from defendant subsequently revealed his blood alcohol level was .19 grams percent.

RESTITUTION
In defendant's first assignment of error, he contends the trial court erred in ordering restitution when there was no evidence as to the amount of restitution in the proceedings.
During the sentencing, the prosecutor referenced that Miller spent three days in the hospital following the accident for observation and that Authement sustained a neck injury and a shattered left wrist for which she underwent surgery and physical therapy. The prosecutor further stated that Authement would soon undergo a series of injections for her neck injury and that the doctors would "take it from there" to see if surgery would be necessary in the future.
In ordering restitution, the trial court stated, "The Court understands that the medical bills that have been incurred by the victims and the expected treatment will exceed $100,000.00."
Prior to January 1, 2000, the collection of restitution from a defendant had to be accomplished in the criminal courts as a condition of probation pursuant to either La.Code Crim. P. art. 895(A)(7) or La. Code Crim. P. art. 895.1(A), which meant that at least some portion of the sentence itself was suspended. However, with the enactment of La.Code Crim. P. art. 883.2 (effective January 1, 2000), restitution can now be implemented as part of the sentence itself without need of probationary conditions.
Louisiana Code of Criminal Procedure article 883.2(A) provides in pertinent part:

*416 In all cases in which the court finds an actual pecuniary loss to a victim, or in any case where the court finds that costs have been incurred by the victim in connection with a criminal prosecution, the trial court shall order the defendant to provide restitution to the victim as part of any sentence that the court shall impose.
Sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrest as well as conviction records. Because the scope of information available to the court for sentencing purposes is so broad, the defendant has a due process right to rebut prejudicially false or misleading information that may affect the sentencing determination. State v. Myles, 94-0217, pp. 2-3 (La.6/3/94), 638 So.2d 218, 219 (per curiam).
In the present case, there was no testimony or documentary evidence offered by the State at the sentencing hearing to support the trial court's assertion that the victim's costs and expected treatment would exceed $100,000.00. We note that Authement was present at the hearing but did not testify.
While we recognize there is a broad range of information available to a sentencing court, we cannot ignore the mandatory nature of La.Code Crim. P. art. 883.2 nor the defendant's due process right to rebut false or misleading information. Moreover, we note that although defendant pled guilty to the instant offense, he specifically reserved the right to appeal the trial court's order of restitution to the victims. Under these circumstances and because there was no evidence introduced on which to base the trial court's award of restitution, we remand this matter to the trial court in order for the trial court to conduct an evidentiary hearing on the amount of restitution. See State v. Walder, XXXX-XXXX (La.10/5/07), 965 So.2d 865 (per curiam).[2]See also La.Code Crim. P. art. 881.4.
CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART, RESTITUTION ORDER VACATED, AND CASE REMANDED FOR EVIDENTIARY HEARING.
KUHN, J., concurs with reasons.
GUIDRY, J., disserts and assigns reasons.
KUHN, J., concurring.
I agree with the result to remand as a justifiable measure to insure that the record is complete for consideration of defendant's excessive sentence claim. But I point out that defendant neither objected to, nor assigned as error in this appeal, the introduction of any "misleading or false information." Clearly, defendant's complaint is solely that the sentence was excessive because of the amount assessed against him, an issue that has not been addressed by our disposition of this appeal. A more accurate way of addressing this issue is to note that excessiveness cannot be considered unless there is evidence placed in the record about the amount of restitution owed and, if defendant wishes, his ability to pay such restitution. To hold that defendant has a "due process right to rebut false or misleading information" as justification for the remand is unnecessary. This holding implies that the moment of sentence is adversarial and suggests that *417 there is no need for a defendant to object to information as false or misleading because on review the courts of appeal will make that determination in order to ensure no denial of a defendant's due process rights.
In cases such as this one where defendant did not complain when mandatory restitution was imposed, and did not object that any information provided was "false or misleading" insofar as the order of restitution, there is no need to review the record, as suggested by the plurality opinion, to ascertain whether "defendant's due process right to rebut false or misleading information" has been violated. Otherwise, every time the trial court relies on a presentence investigation report (PSI), for example, in fashioning its sentence, the plurality's holding suggests that this court has a duty to review "whether defendant's due process right to rebut false or misleading information" was violated by the trial court's reliance on the PSI. I agree that an evidentiary hearing should be held to address defendant's excessiveness claim and, accordingly, concur in the remand.
GUIDRY, J., dissenting.
Relying on the per curiam opinion, State v. Walder, 07-0198 (La.10/5/07), 965 So.2d 865, the majority grants the State what only could be described as a second bite at the apple by virtue of remanding this matter to the trial court to allow the State to present evidence to support the defendant being additionally sentenced under La. C. Cr. P. art. 883.2 While it is observed that in State v. Sandifer, 359 So.2d 990 (La.1978), the Louisiana Supreme Court vacated the order of restitution and remanded the matter to the trial court to conduct an evidentiary hearing on the proper amount of restitution owed, in that case the Court expressly noted that because the conditions of probation are subject to modification at any time pursuant to La. C. Cr. P. art. 896, such action was warranted. Sandifer, 359 So.2d at 992-93. As the order of restitution in the present matter is not a "condition of probation," it is not subject to modification pursuant to La. C. Cr. P. art. 896.
The majority points out that there was no testimony or documentary evidence offered by the State at the sentencing hearing to support the trial court's $20,000 restitution award and even goes on to point out that the victim was present at the hearing, but did not testify. I therefore believe that to remand this matter to the trial court to allow the prosecution an additional opportunity present evidence on the issue of restitution is improper. Accordingly, I respectfully dissent.
NOTES
[1] Immediately prior to defendant entering his guilty plea in the present case, defendant entered a guilty plea to DWI, third offense, in State v. Danos, docket number 477,220, Thirty-Second Judicial District Court, Parish of Terrebonne. The trial court sentenced defendant to serve three years at hard labor, with thirty days to be served without benefit of probation, parole, or suspension of sentence, and to pay a fine of $2,000.00. Defendant acknowledged an August 23, 2002 conviction for DWI, first offense, in docket number XX-XXX-XX-XX, Houma City Court, and a February 10, 2004 conviction for DWI, second offense, in docket number 388,543, Seventeenth Judicial District Court, Parish of Lafourche.
[2] We note that the authorization for restitution in that matter was based on La. R.S. 14:102.2(D), unlike the codal authority at issue in the present case, La.Code Crim. P. art. 883.2(A).