GUIDRY, J.,
dissenting.
| Relying on the per curiam opinion, State v. Walder, 07-0198 (La.10/5/07), 965 So.2d 865, the majority grants the State what only could be described as a second bite at the apple by virtue of remanding this matter to the trial court to allow the State to present evidence to support the defendant being additionally sentenced under La. C. Cr. P. art. 883.2 While it is observed that in State v. Sandifer, 359 So.2d 990 (La.1978), the Louisiana Supreme Court vacated the order of restitution and remanded the matter to the trial court to conduct an evidentiary hearing on the proper amount of restitution owed, in that case the Court expressly noted that because the conditions of probation are subject to modification at any time pursuant to La. C. Cr. P. art. 896, such action was warranted. Sandifer, 359 So.2d at 992-93. As the order of restitution in the present matter is not a “condition of probation,” it is not subject to modification pursuant to La. C. Cr. P. art. 896.
The majority points out that there was no testimony or documentary evidence offered by the State at the sentencing hearing to support the trial court’s $20,000 restitution award and even goes on to point out that the victim was present at the hearing, but did not testify. I therefore believe that to remand this matter to |2the trial court to allow the prosecution an additional opportunity present evidence on the issue of restitution is improper. Accordingly, I respectfully dissent.