NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-705


STATE OF LOUISIANA

VERSUS

SHANE WELCH


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR125484
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.


**SENTENCE AFFIRMED IN PART AND REMANDED WITH INSTRUCTIONS.**


Michael Harson
District Attorney, 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR PLAINTIFF APPELLEE:
        State of Louisiana

**James Nathan Prather  Jr.**
**Attorney at Law**
**P. O. Box 3993**
**Lafayette, LA 70502**
**(337) 237-0047**
**COUNSEL FOR PLAINTIFF APPELLEE:**
 **State of Louisiana**

**Beth Smith Fontenot**
**Louisiana Appellate Project**
**P. O. Box 3183**
**Lake Charles, LA 70602**
**(337) 491-3864**
**COUNSEL FOR DEFENDANT APPELLANT:**
 **Shane Welch**

**SAUNDERS, Judge.**

Defendant, Shane Welch, entered a no contest plea on January 10, 2011, to three counts of misapplication of payments, a violation of La.R.S. 14:202. He filed a motion to withdraw his plea on July 27, 2011, in which his attorney alleged he had misinformed Defendant about the maximum sentencing exposure. The trial court denied the motion.

At the sentencing hearing on the same date, Defendant's counsel explained he "had incorrectly informed the Defendant that his maximum sentencing exposure was six (6) months in jail per count." In fact, the maximum sentence "[w]hen the amount misapplied is greater than one thousand dollars" is imprisonment "with or without hard labor for not less than ninety days nor more than six months, or both, for each one thousand dollars in misapplied funds, provided that the aggregate imprisonment shall not exceed five years." La.R.S. 14:202(C).

Defendant appeals the denial of his motion to withdraw his guilty plea. He also contends the trial court sentenced him without consideration of the factors set forth in La.Code Crim.P. art. 894.1. He believes the trial court should have conducted a hearing to determine the appropriate amount of restitution, and he argues the trial court erred in ordering restitution as a condition of probation without ordering any type of payment plan.

## FACTS:

Defendant, a contractor, misappropriated funds while constructing three homes.

## ASSIGNMENT OF ERROR NO. 1:

Defendant argues the trial court erred in denying his motion to withdraw his no contest plea. He claims he would not have entered the plea had he known the correct sentencing exposure. In the motion to withdraw the plea, Defendant's trial

attorney alleged he incorrectly and mistakenly informed Defendant about the maximum sentence.

A trial court may permit a defendant to withdraw his guilty plea any time before he is sentenced. La.Code Crim.P. art. 559(A). The decision "is within the broad discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised." *State v. Roe*, 05-116, p. 8 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, 1271, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

In *Roe*, the defendant pled guilty to aggravated second degree battery and was sentenced to three years at hard labor and payment of restitution. His motion to withdraw the guilty plea alleged he did not understand his sentence could be imposed at hard labor. He believed he was to receive a probated sentence. Thus, his plea was not made knowingly and voluntarily. The trial court denied the motion.

This court noted a defendant's misunderstanding must be induced or attributable to the district attorney or to the trial court in order to provide a basis for withdrawal of the plea. "[A] misunderstanding between a defendant and counsel for defendant does not have the same implication as a breached plea bargain agreement, and this misunderstanding does not render the guilty plea invalid." *State v. Readoux*, 614 So.2d 175, 176 (La.App. 3 Cir. 1993).

The defendant's attorney testified at the hearing of the motion to withdraw the plea that he also understood his client would receive a probated sentence. He never mentioned a hard labor sentence to the defendant. The prosecutor testified he was unable to recommend probation because of the victim's family's wishes, even though the statute in effect at the time would have allowed a probated sentence. This court's review of the record, however, makes it clear that the defendant was informed he could be subject to the maximum penalty for his

2

offense, and the state would not recommend probation.  Thus, this court found no error in the trial court's denial.  *Id.*

Likewise, the defendant contended his counsel was led to believe he would receive a suspended sentence in *State v. Lockwood*, 399 So.2d 190 (La.1981).  The court held "[t]he contention that both defendant and counsel were mistaken [as to the sentence the State would seek] does not constitute reversible error or render the guilty plea not 'free and voluntary'." *Id.* at 193.

Here, Defendant contends he would not have entered a no contest plea if he had known the correct sentencing exposure, and he did not know it because counsel was mistaken about the correct exposure.  The record, however, shows the plea agreement includes a handwritten notation stating Defendant could be sentenced "not more than 6 months per $1,000 misappropriation (per 14:202 et seq) provided the aggregate imprisonment shall not exceed 5 years."  Defendant and his attorney both signed the form.  Although the record does not indicate who wrote the words on the plea form, the State's brief indicates the writing was made by Defendant's counsel.   At the plea hearing, Defendant told the trial court his attorney had gone over the plea form with him.  Further, at the plea hearing, the trial judge asked Defendant if he knew:

> that [he] could be sentenced to imprisonment [at] hard labor for not less than 3 (three) months, not more than 6 (six) months per $1,000.00 (one thousand dollars) misappropriated payments per 14:202 provided the aggregate imprisonment shall not exceed 5 (five) years? . . . [and] [a] fine of not more than $500.00 (five hundred dollars) or both and not less than $100.00 (one hundred dollars)

Defendant answered affirmatively.  His attorney never questioned the recitation of the possible sentence or the portrayal of the possible sentence on the plea form.

3

Additionally, it is difficult to understand exactly what defense counsel told the trial court about his sentencing advice to Defendant. When asked for his argument in support of the motion to withdraw the plea, counsel responded:

> [A]s my motion says, that I had misinformed the defendant that – what his maximum sentencing exposure would be and read it as the statue [sic] says it's a minimum of three (3) months, a maximum of six (6) months. There is additional language that is written on the plea form that per thousand dollars ($1,000.00) of misappropriation in aggregate shall not exceed five (5) years. I have since – I did not tell him what his sentencing exposure would be, five (5) years or fifteen (15) years. After reviewing the jurisprudence, I am not certain that his maximum sentencing exposure of six (6) months per three (3) counts or eighteen (18) months. The defendant feels that he may have been misinformed by me. I recall – I've got the minutes from the guilty plea and they are silent as to the penalty provisions. I recall the Court reading the language off of the plea form which I wrote on there which mirrors the language of the statue [sic]. I didn't write the thing that wasn't contained in the statue [sic]. And for those reasons the defendant moved – moves to withdraw his guilty plea.

Given the above, we find that Defendant has not shown an abuse of the trial court's discretion in denying his motion to withdraw his guilty plea. Neither the State nor the trial judge had any part in Defendant's alleged misunderstanding of his sentencing exposure. He was informed of the correct sentencing exposure and indicated his understanding of it. He and his attorney signed the plea form that correctly set out the maximum sentence. A defendant may not withdraw his plea because the sentence imposed is greater than he anticipated. *Lockwood*, 399 So.2d 190. Defendant can file a claim for post-conviction relief on this issue. Accordingly, this assignment of error lacks merit.

**ASSIGNMENT OF ERROR NO. 2:**

Defendant argues he was sentenced without consideration of the factors set forth in La.Code Crim.P. art. 894.1. While Defendant did object to the "amount as recited for the alleged misappropriated amount" at the sentencing hearing, this issue regarding Article 894.1 was not raised in the trial court and "cannot be raised

for the first time on appeal." *State v. Hebert*, 08-542 (La.App. 3 Cir. 11/5/08), 996 So.2d 688, 690. This court will, however, review Defendant's sentence "for bare excessiveness in the interest of justice." *Id.* (citing *State v. Graves,* 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied,* 02-29 (La. 10/14/02), 827 So.2d 420).

This court has set out a standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances

presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Applying the *Smith* factors, the nature of Defendant's offense involved a very large amount of money; his sentence included restitution in the total amount of $563,145.41. The presentence investigation (PSI) report revealed this was Defendant's first felony offense. Defendant is thirty-three years old with a wife and three small children. He began building homes in 2001 and earned approximately $100,000 a year in that business. At the time of the PSI report, he was working for a commercial cleaning company earning $24,000 a year plus a commission that varied from $1,500 to $4,000 a month. Defendant admitted "he 'made mistakes' in building the three (3) homes, but 'did not commit a crime.'" He vehemently denied misapplying or stealing any funds. He entered the no contest plea because "he 'couldn't wrap his brain around the whole matter'" and "felt coerced on 1/10/11 to make a plea." Although Defendant said no liens were filed on any of the properties, one of the alleged victims claimed a lien on his house prohibited him from refinancing his mortgage at a lower interest rate. The PSI report recommended the trial court have a hearing to determine the amount of restitution because "[t]his is an obviously very complicated issue." The trial court, however, simply adopted the amounts set forth in the PSI report without a hearing to determine the proper amount.

In *State v. Spears*, 39,302 (La.App. 2 Cir. 9/27/06), 940 So.2d 135, *writ denied,* 06-2704 (La. 8/31/07), 962 So.2d 424, the contractor was paid for work he did not perform. Material and labor liens were placed on the property. The

defendant was found guilty of misapplying funds and sentenced to four years at hard labor. He was also ordered to pay $103,804.22 in restitution and a $500 fine.

*State v. Ferguson*, 10-199 (La.App. 4 Cir. 6/30/10), 43 So.3d 291, *writ denied,* 10-1744 (La. 1/28/11), 56 So.3d 965, involved a contractor who came to New Orleans after Hurricane Katrina. He was convicted of fifteen counts of theft and one count of misappropriation of funds greater than $3,000 by a contractor. The fourth circuit affirmed his sentence of eighteen months at hard labor on the misappropriation charge, along with a total of twenty-one and one-half years at hard labor on fifteen counts of theft and $45,000 in fines on the theft charges. The court considered the "unabashed taking advantage of hurricane victims" to be an "affront to society"; it thought the defendant's actions showed "he did not care about the hardships that he inflicted" on his victims. *Id.* at 296.

The defendant was sentenced to four years at hard labor and restitution of $20,000 in *State v. Kenniston*, 07-849 (La.App. 4 Cir. 1/16/08), 976 So.2d 226. However, the trial court suspended the entire sentence and placed the defendant on probation for four years. The fourth circuit affirmed the sentence.

When the amount of misapplied funds exceeds one thousand dollars, a defendant:

> shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned with or without hard labor for not less than ninety days nor more than six months, or both, for each one thousand dollars in misapplied funds, provided that the aggregate imprisonment shall not exceed five years.

La.R.S. 14:202(C). The amounts involved in Counts 1, 2, and 3 were $266,475.51, $185,165.23, and $111,504.67, respectively. Thus, even if the minimum term of ninety days per one thousand dollars is applied, the term still exceeds five years on each count. Thus, it is apparent that the trial court could not, by statute, sentence Defendant to a shorter term on each count.

7

The trial court could, however, have imposed Defendant's sentence without hard labor, or it could have suspended more than the sentence on just the third count. Nevertheless, while the terms of the sentences are harsh, they do not indicate an abuse of the trial court's sentencing discretion.

**ASSIGNMENT OF ERROR NO. 3:**

Defendant contends the trial court erred by failing to conduct a hearing to determine the appropriate amount of restitution. The trial court sentenced Defendant to restitution in the amounts set out in the bill of information. At the plea hearing, the trial judge ordered a PSI report "to determine the exact amount of contractor funds misapplied."

The PSI report was prepared by Probation and Parole Officer Richard Andrich. His report indicated one of the victims showed a "Detective Leonards" unpaid invoices totaling $111,939.67, not the figure reflected in the bill of information. According to the PSI report, "Detective Leonards conducted an exhaustive investigation into matters" and determined the two other victims had paid $266,475.51 and $185,165.23 to subcontractors or vendors for their homes to be completed. The PSI report referred to Detective Leonards' investigations as "very detailed and lengthy" and asked the trial court to contact Officer Andrich for a copy of the detective's reports. The record does not indicate the trial court requested or reviewed those reports.

Officer Andrich candidly described himself as one "who is unlearned as one (1) can be in these matters . . . very much a layperson in matters of this sort." His report recommended a hearing "to determine amounts due and to whom" because of "the complicated money issues involved."

In *State v. Sandifer*, 359 So.2d 990 (La.1978), one of the defendants was sentenced to make restitution of an amount in excess of the retail value of

8

merchandise obtained through forged credit purchases. The court vacated the portion of her probation dealing with restitution and remanded the matter for a hearing "to afford the defendant an opportunity to demonstrate that the amount of restitution is excessive and to fix the amount of restitution in the light of the showing made." *Id.* at 993.

Likewise, in *State v. Coward*, 07-421 (La.App. 3 Cir. 10/3/07), 967 So.2d 580, the defendant was ordered to pay restitution in the amount of property he stole from a former employer. The amount was determined solely on information provided by the victim; the defendant had no opportunity to question the amounts. Further, the evidence of the amount in the record conflicted with the victim's estimates of the cash taken. This court vacated the imposition of restitution and remanded the matter with instructions to conduct a hearing to determine the correct amount of restitution.

Here, the only evidence of the amounts ordered as restitution came from the three victims. Defendant never had the opportunity to question how they determined the amounts prior to sentencing. Accordingly, we remand this matter for a hearing to place details on the record about how the amounts were determined and to give Defendant the opportunity to contest that determination.

**ASSIGNMENT OF ERROR NO. 4:**

Defendant contends the trial court erred in ordering restitution as a condition of probation without ordering any type of payment plan. Louisiana Code of Criminal Procedure Article 895.1(A)(1) requires the trial court to order payment of restitution "either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." This court has held the trial court's failure to establish a schedule for the payment of restitution "requires that the matter be remanded with instructions that the trial court specify a payment schedule." *State*

*v. Reynolds*, 99-1847, p. 2 (La.App. 3 Cir. 6/7/00), 772 So.2d 128, 130. This court has also held that failure to "announce the payment formula" constitutes an error patent requiring remand. *State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, 61, *writ denied,* 99-3413 (La. 5/26/00), 762 So.2d 1101. Accordingly, as found above, remand is necessary to establish a plan for the payment of restitution.

## DECREE:

Defendant's sentences are affirmed. However, this matter is remanded for the purpose of affording Defendant the opportunity to question the ordered amounts of restitution at a hearing pursuant to *Sandifer*, 359 So.2d 990 and *Coward*, 967 So.2d 580 and to establish a plan for the payment of restitution. *See Reynolds*, 772 So.2d 128; *Dean*, 748 So.2d 57.

**SENTENCE AFFIRMED, IN PART AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2–16.3.