STATE OF LOUISIANA

VERSUS

EVELYN M. MILLER

NO. 23-KA-63

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-1194, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING


October 31, 2023


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst


**SENTENCES VACATED; MATTER REMANDED FOR**
**RESENTENCING**
    **FHW**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
EVELYN M. MILLER
    Sherry A. Watters

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Darren A. Allemand
    Carolyn Chkautovich

**WICKER, J.**

In this criminal proceeding, defendant challenges the sentences imposed for her convictions for assault with a firearm and aggravated criminal damage to property.  For the following reasons, we find that an error patent in the record requires this Court to vacate the sentences imposed and remand this matter for resentencing.

**STATEMENT OF THE CASE**

The Jefferson Parish District Attorney filed a bill of information charging defendant, Evelyn M. Miller, with the second degree kidnapping of "Known Juvenile" while armed with a dangerous weapon on or between February 14, 2020 and February 15, 2020, in violation of La. R.S. 14:44.1(A)(5)(count one); five counts of aggravated assault with a firearm in violation of La. R.S. 14:37.4 (counts two through six); and aggravated criminal damage to property in violation of La. R.S. 14:55 (count seven). Defendant was arraigned and entered a plea *in absentia* of not guilty on June 15, 2021.[1]

On August 24, 2022, the State amended the bill of information and *nolle prossed* count one (second degree kidnapping of a "Known Juvenile").  On that same date, defendant withdrew her pleas of not guilty to counts two through seven and entered pleas of guilty as charged.  After the reading of victim impact statements and a statement made by defendant, the trial court sentenced defendant to ten years at hard labor on counts two through seven, to run concurrently with one another and with any other sentence defendant was currently serving.  On September 12, 2022, defendant filed a motion to reconsider sentence, which the trial court denied.  This timely appeal followed.

---

[1] On June 2, 2020, a Motion, Affidavit, and Order to Waive Defendant's Presence at Arraignment was filed by the defense and was granted on the same date.

## FACTS

Because defendant's convictions were the result of guilty pleas, the facts underlying the convictions are not fully developed in the record. However, the allegations presented to the court in a preliminary hearing indicate that the victim of the alleged kidnapping in this case is defendant's granddaughter, who had been hospitalized the day before the crimes for allegedly being suicidal.

At the hearing, the State alleged that, the night prior to the crimes, "[defendant] became upset with the hospital staff, so she stayed overnight in the hospital with the victim. The following day, the victim was being taken to the psych ward… . [Defendant] then asked to take the victim to the bathroom, which staff stated was not allowed. [Defendant] then physically grabbed the victim and proceeded towards the exit. When the nurses attempted to stop [defendant], she produced a black handgun and pointed it at the nurses. During this time, the defendant pointed the gun…[and] during the nurses' attempt to stop [defendant] from taking the victim, she shoved one of the nurses." Defendant allegedly proceeded to exit the hospital, while pointing the gun at security officers responding to the situation. Thereafter, as defendant drove away she allegedly crashed her vehicle into another vehicle, causing property damage.

Defense counsel alleged at the hearing that defendant "was acting under what she believed to be the best interest of her granddaughter, who was living with her at the time [and] who has a severe seizure disorder." Defense counsel argued that defendant did not believe hospitalization to a psychiatric ward would have been in her granddaughter's best interest given her severe seizure disorder potentially triggered by the stress of a hospitalization.

At the guilty plea hearing, the State alleged the following factual basis:

[O]n or about February 14, 2020, Evelyn Miller did commit aggravated assault with a firearm upon Clifton Thomas, aggravated assault with a firearm upon Gene Bonin, aggravated assault with a firearm upon

Jacquelin Esquivel, aggravated assault with a firearm upon Nancy Acosta, aggravated assault with a firearm upon Nicole Wick[em], and committed aggravated criminal damage to property, damaging a 2019 Toyota Sienna, belonging to Ashley McVille.

## LAW AND ANALYSIS

On appeal, defendant challenges the constitutionality of the sentences imposed. Specifically, she first argues that the maximum ten-year sentence imposed for each aggravated assault conviction is constitutionally excessive for a first offender given her age of 68 years old at the time of sentencing and considering the mitigating circumstances surrounding her impulsive behavior as a means to protect her autistic granddaughter. Further, on appeal, defendant contends that the trial court "improperly imposed" restitution and fines in connection with her sentences. Defendant challenges the lack of evidence to support any restitution imposed and further claims that, as she is indigent and incarcerated, that defendant is unable to pay the restitution and fines as ordered by the trial court.

## ERRORS PATENT

Before considering the merits of the assignments of error raised on appeal, we find that an error patent requires that this Court vacate defendant's sentences and remand this matter for resentencing. This Court conducts an errors patent review in accordance with La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990), whether or not the defendant or state requests such a review.

Upon review of the record on appeal, we find that defendant's sentences are indeterminate. On appeal, defendant challenges the sufficiency of the evidence introduced to support the restitution she states was imposed in connection with her sentencing. However, a thorough review of the record reflects that it is unclear whether restitution, fines, or fees were imposed in

connection with any of defendant's sentences. Neither the waiver of rights guilty plea form nor the Uniform Commitment Order referenced or imposed restitution, fines, or fees as part of defendant's sentences. The minute entry, however, ordered defendant to pay $650 in fines and fees, and states that the trial court ordered defendant to pay $1,000.00 in restitution but does not state on which count or conviction the restitution was imposed. Moreover, the transcript, while referencing a $1,000.00 cashier's check at some point prior to sentencing, does not reflect that the trial court imposed restitution or any fines or fees as part of any sentence imposed.

Louisiana courts have found that the imposition of nonspecific restitution in connection with a sentence or restitution ordered when it is unclear as to which count or conviction the restitution applies is an indeterminate sentence and thus invalid. See *State v. Fussell*, 06-2595 (La. 1/16/08), 974 So.2d 1223, 1226; see also *State v. Echeverria*, 03-898 (La. App. 5 Cir. 11/25/03), 862 So.2d 163, 170 (vacating an indeterminate sentence where the trial court failed to state a determinate amount of restitution owed); *State v. Pope*, 19-670 (La. App. 3 Cir. 6/10/20), 299 So.3d 161, 167, *writ denied*, 20-00852 (La. 10/6/20), 302 So.3d 532 (holding "[t]he trial court imposed indeterminate sentences when it failed to specify on which count or counts it imposed the…fine, court costs, and restitution."); *State v. Duhon*, 20-513 (La. App. 3 Cir. 5/26/21), 322 So.3d 326, 332 (holding that the imposition of restitution as part of "the sentence" when multiple sentences were imposed rendered the sentence indeterminate); *State v. Vidrine*, 19-210 (La. App. 3 Cir. 10/2/19), 280 So.3d 664, 671(holding that a nonspecific restitution order will render the sentence indeterminate and thus invalid). Moreover, failure to state the amount of restitution and to specify on which count or counts the restitution is ordered "renders a sentence indeterminate and thus illegal, necessitating that the sentence be vacated and the case remanded

for resentencing." *State v. Joseph,* 05-186 (La. App. 3 Cir. 11/2/05), 916 So.2d 378, 380; see also *State v. Fussell*, 974 So.2d 1226 (approvingly citing *State v. Joseph*, *supra*).

Upon review of the record on appeal, we cannot determine whether restitution was made a part of the guilty plea which resulted in the convictions and sentences on appeal. We further cannot determine whether restitution, fines, and/or fees were imposed as part of defendant's sentences and find that, if imposed, the trial court failed to state on which count or counts the restitution would be imposed. We therefore vacate defendant's sentences as indeterminate and remand this matter to the trial court for resentencing.

**<u>SENTENCES VACATED;
MATTER REMANDED FOR
RESENTENCING</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 31, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-63

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
SHERRY A. WATTERS (APPELLANT)        DARREN A. ALLEMAND (APPELLEE)        THOMAS J. BUTLER (APPELLEE)

**MAILED**
CAROLYN CHKAUTOVICH (APPELLEE)
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053